RECEIVED
IN LAKE CHARLES, LA.

MAY 15 2014

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13CR00219-001 |
| VS. | : | JUDGE MINALDI |
| REGAN CHASE BENOIT | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

The defendant objects to ¶21 of the PSR arguing that the firearms located in his residence were not possessed within the meaning of USSG §2D1.1(b)(1).[1] He also submits that the Government must prove weapons possession by a preponderance of the evidence. *United States v. Zapata-Lara*, 615 F.3d 388 (5th Cir. 2010).

The PSR states that Cormier had been receiving packages of anabolic steroids from China. His girlfriend's name was on the package along with his mother's address. Agents did a controlled delivery and the girlfriend, Sara Cormier, picked up the package. When questioned, she said it was for Regan Chase Benoit and she has picked up two similar packages in the past. Cormier delivered the packages to Benoit, but she did not know the contents.

Agents proceeded to Benoit's home and asked him to accompany them to the Jennings Police

---

[1] The defendant acknowledges in making this objection that Circuit jurisprudence does not support this argument.

Department for an interview. Benoit agreed to cooperate. He acknowledged ordering the anabolic steroids three times. He advised that he manufactured the steroid powder into liquid and then placed them in vials for distribution.

When officers search Benoit's residence, he led them to the back bedroom where he showed them an assault style rifle in the closet. He also showed them a loaded .22 caliber pistol in the night stand. Another closet contained additional vials of liquid and numerous pills, suspected to be steroids. The items he used to convert the powder to liquid were found inside a closet in another bedroom, along with several clips for the assault rifle.

§2D1.1 (b)(1) provides for a two-level enhancement when a defendant possesses a dangerous weapon while possessing or trafficking drugs. *See* U.S.S.G. § 2D1.1(b)(1) (2002). The government carries the burden of proving a spacial and temporal nexus between the weapon, the drug activity, and the defendant. *United States v. Cooper,* 274 F.3d 230, 245 (5th Cir.2001). This enhancement provision will not apply where the defendant is able to show that it is "clearly improbable" that the weapon was connected with the offense. U.S.S.G. § 2D1.1 n. 3; *U.S. v. Cisneros-Gutierrez,* 517 F.3d 751, 765 ( 5th Cir., 2008).

Before a sentencing court can apply § 2D1.1(b)(1), the government must prove weapon possession by a preponderance of the evidence. *United States v. Hooten,* 942 F.2d 878(5th Cir. 1991). It can do that in two ways. *Id.* at 882. First, it can prove that the defendant personally possessed the weapon, by showing a temporal and spatial relationship of the weapon, the drug trafficking activity, and the defendant. *Id.* To make that showing, the government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are

stored or where part of the transaction occurred. *Id; U.S. v. Zapata-Lara,* 615 F.3d 388, 389 ( 5th Cir., 2010).[2]

The court's express reliance on the PSR constitutes a finding that Benoit's possession of the firearms was "reasonably foreseeable" to the defendant.[3] The facts sated in the PSR clearly establish that Benoit possessed both the anabolic steroids and the guns. In the absence of any evidence introduced by the defendant that shows that it was "clearly improbable" that the weapons were connected to the offense, the facts stated in the PSR are sufficient to prove possession of the firearms by a preponderance of the evidence. *United States v. Partida,* 385 F.3d 546 (5th Cir., 2004):

Accordingly, for the reasons stated herein, the Defendant's objection is OVERRULED.

Lake Charles, Louisiana, this 15 day of May, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] This court specifically adopts the PSR, reasoning that "[a] gun is a well-accepted, well-known tool of the trade" and that "[i]t's been clearly established by precedent that ... at an event such as this involving the conveyance of [drugs]... a gun would be present." *U.S. v. Zapata-Lara,* 615 F.3d 388, 389 ( 5th Cir., 2010).

[3] *See, e.g., United States v. Carreon,* 11 F.3d 1225, 1231 (5th Cir.1994) (explaining that "we have allowed the district court to make implicit findings by adopting the PSR" so long as "the findings in the PSR are so clear that the reviewing court is not left to 'second-guess' the basis for the sentencing decision").